# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Seng Xiong,<br><br>　　　　　Defendant. | Case No. 16-cr-167 (SRN/HB)<br><br><br>**ORDER** |

Amber M. Brennan and Surya Saxena, United States Attorney's Office, 300 South 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Nom Fue Thao, Thao Law Firm PC, 393 Dunlap St. N., Ste. 880, St. Paul, MN 55104, for Defendant Seng Xiong.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant's self-titled Motion to Dismiss for Lack of Victims ("Mot. to Dismiss") [Doc. No. 51]. For the reasons set forth below, Defendant's Motion is denied.

## I.   BACKGROUND

Defendant Seng Xiong ("Xiong") has been charged by way of a criminal indictment with wire and mail fraud. (Indictment at ¶¶ 17–21 [Doc. No. 25].) These charges relate to Xiong's alleged scheme to defraud members of the Hmong community in the United States by soliciting donations for his organization, Hmong Tebchaws. (Id. at ¶¶ 3–4.) That organization promised that the donations would be used to pursue

1

establishing a Hmong country in Asia. (Id. at ¶ 4.) Xiong offered various types of "enrollment" whereby donors would receive things like citizenship, land, houses, healthcare, and education in this new country, depending on the amount of money they contributed. (Id. at ¶ 5.) Members of the Hmong community who did not contribute would either be denied entry to the new country, or face more obstacles to obtaining citizenship later. (Id. at ¶ 7.)

Xiong represented that he was working with high ranking government officials around the world, that this new Hmong country had been authorized by the United Nations and the United States, and that the time to move to this new country was imminent. (Id. at ¶ 6.) The Government claims that these representations—and many others made by Xiong—are untrue. (Id. at ¶ 8.) However, based on Xiong's alleged representations and solicitations, numerous members of the Hmong community made financial contributions by sending him checks in the mail or by making wire transfers. (Id. at ¶¶ 10, 11, 15, 16.)

Xiong now requests "a hearing and dismissal order for lack of identifiable victims in this matter." (Mot. to Dismiss at 1.) Specifically, he claims that there are "no identifiable witnesses and/or victims that would be in position [sic] to testify that they are credible witnesses and/or victims of felony fraud." (Id.) Xiong notes that many of his alleged victims have submitted "testimonials" denying that he defrauded them. (Id.; see Doc. No. 48 (containing numerous letters from individuals who purport to "follow" Xiong, denying that they are victims).) Xiong asserts that this lack of victims is fatal to the Government's case and thus the charges against him should be dropped. (See Mot. to

Dismiss at 1–2.)  The Motion itself does not contain any citations to legal support for Xiong's position.[1]

The Government opposes Xiong's Motion.  (See Resp. in Opp. [Doc. No. 54].) First, it argues that Xiong cannot challenge the Indictment, which is valid on its face.  (Id. at 2.)  Second, the Government contends that granting Xiong's Motion would interfere with the separation of powers between the executive and judicial branches.  (Id. at 3.) Third, the Government asserts that it is not required to prove or produce persons who believe they are victims (i.e., identify as such) in order to prove the charges against Xiong.  (Id. at 3–4.)

## II.   DISCUSSION

In essence, Xiong's Motion attempts to challenge the Indictment against him by arguing that it is based upon inadequate evidence—specifically, the lack of individuals who identify themselves as victims.  However, the Supreme Court has rejected such attempts:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed.  The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.  This is not required by the Fifth Amendment.  An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits. …

---

[1] The Motion purported to have a memorandum in support attached, but the record contains no such memorandum.  (See Mot. to Dismiss at 2.)  The Court contacted Xiong's counsel about this memorandum numerous times, but its messages and emails went unanswered.

> Petitioner urges that this Court should exercise its power to supervise the administration of justice in federal courts and establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence. No persuasive reasons are advanced for establishing such a rule. … Neither justice nor the concept of a fair trial requires such a change. In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial.

Costello v. United States, 350 U.S. 359, 363–64 (1956); see United States v. Vincent, 901 F.2d 97, 99 (8th Cir. 1990) (denying defendant's attempt to challenge the indictment against him based on his allegations that the indictment was returned based on inadequate and incomplete evidence). Xiong will have the opportunity at trial to elicit evidence that at least some of those who contributed funds to him apparently do not view themselves as victims—assuming such evidence is relevant and admissible. However, the fact these individuals do not view themselves as victims is not a basis on which the charges against him may be dismissed now. The Court can find no legal support for Xiong's arguments otherwise.

Furthermore, the Government is correct that it is not required to prove that any of Xiong's alleged victims view themselves as such. Xiong is charged with mail and wire fraud, meaning the Government must prove: (1) that he voluntarily and intentionally devised a scheme to defraud or obtain money or property based on materially false representations or promises; (2) that he did so with the intent to defraud; and (3) that he used, or caused to be used, the U.S. Mail or an interstate wire communication in furtherance of, or in an attempt to carry out, some essential step in the scheme. 18 U.S.C. 1341; 18 U.S.C. § 1343; Manual of Model Criminal Jury Instructions for the Eighth

Circuit, §§ 6.18.1341, 6.18.1343.  The Government's theory of the case is that Xiong's fraudulent scheme was so effective that many of his victims still believe the representations he made about the new Hmong country and their contributions are true. (See Resp. in Opp. at 4 n.1.)  Although the fact that some of Xiong's alleged victims do not see themselves as victims may make it more difficult for the Government to prove its case, that is an issue for trial, not the basis for dismissing the charges against Xiong now.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss for Lack of Victims [Doc. No. 51] is **DENIED**.

Dated:  November 30, 2016                    s/ Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge