# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Seng Xiong,<br><br>　　　　Defendant. | Case No. 16-cr-167 (SRN/HB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

SUSAN RICHARD NELSON, United States District Judge

## I.　　INTRODUCTION

This matter comes before the Court on the Government's Motion in Limine [Doc. No. 71] regarding Defendant's anticipated public authority defense, Defendant's Response to that motion [Doc. No. 79], and the Government's Reply [Doc. No. 82]. Having carefully considered the matter, the Court concludes that a hearing is required in order to address the issues raised by these filings.

## II.　　BACKGROUND

Defendant Seng Xiong is charged with wire fraud and mail fraud stemming from an alleged scheme to defraud individuals of Hmong descent by falsely representing that he was working closely with the United States government and the United Nations to establish a Hmong country somewhere in Southeast Asia, and then soliciting victims to invest in the future country in order to secure citizenship. (*See generally* Superseding Indictment [Doc. No. 63].) Despite his claims, the Government alleges that Xiong never

worked with officials from either the U.S. government or the United Nations in pursuit of a Hmong homeland. (*Id.*) Instead, it contends that Xiong squandered the many hundreds of thousands of dollars contributed by his supporters on personal expenditures.

On January 3, 2017, the Government filed a motion in limine asking this Court to prohibit Xiong from raising at trial the defense that his actions were in some sense authorized by an official or officials of the United States or the United Nations, unless Xiong first properly disclosed his intention to raise that defense. In particular, the Government called the Court's attention to Federal Rule of Criminal Procedure 12.3, which requires, in relevant part, that "[i]f a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets." *See* Fed. R. Crim. P. 12.3(a). Although the Government had requested and received an order from Magistrate Judge Hildy Bowbeer on September 27, 2016 requiring Xiong to disclose any intention to raise a public authority defense, Xiong had not done so by the date of the Government's motion. (*See* Order Granting Mot. for Discovery [Doc. No. 44].) The Government accordingly requested that the Court order Xiong to make the disclosures required by Rule 12.3 no later than the date of the pretrial conference—January 11, 2017.

The Court granted the Government's motion. (*See* Jan. 9, 2017 Order [Doc. No. 76].) Xiong was instructed that if he intended to present any affirmative testimony or

2

evidence at trial claiming that he acted pursuant to public authority, he would have to provide the Court and the Government with a detailed list of expected witnesses and evidence relevant to the defense by the time of the pretrial conference.  (*See id.*)  At that time, Xiong informed the Court that he did not intend to call any witnesses or introduce any physical evidence in support of a public authority defense.  He did indicate, however, that he intended to testify personally to his meetings with various high ranking officials "related to his work in lobbying for human rights and/or advocating for the freedom of Hmong people."  (Def.'s Resp.)  By way of the disclosure required by the Court, Xiong presented a list of five individuals that he intends to reference at trial, all of whom work or have worked for the United States government.  (*See id.*)

The Government has since filed a reply brief that raises or reiterates a number of issues relating to Xiong's planned testimony.  (*See generally* Reply.)  Of particular note, the Government asserts that because a public authority defense is an affirmative defense, "the Court has the authority to preclude all evidence, testimony, argument, and cross-examination questions raised in support of the public authority defense if the Defendant is unable to proffer a *prima facie* basis to assert it."  (*See* Mot. in Limine at 3 (citing *United States v. Achter*, 52 F.3d 753, 755 (8th Cir. 1995)).)  This burden, the Government argues, is one that Xiong will be unable to meet.  By its reading of the relevant case law, a *prima facie* showing of public authority requires demonstrating that the government official who allegedly condoned the defendant's action have *actual* authority to authorize that action.  (*See* Mot. in Limine at 4.)  As the Government points out, no government official has actual authority to authorize a private individual to establish a new country

3

and to sell citizenship in that country.  (*Id.* at 5.)  *Ipso facto*, Xiong cannot meet the *prima facie* proffer requirement, and must be barred from raising a public authority defense at trial.  (*See* Reply at 2.)

### III. DISCUSSION

#### A. Defenses Based on Perceived Governmental Authority

As an initial matter, it is important to recognize that while the Government has characterized Xiong's anticipated defense as a "public authority defense," that theory is merely one of a number of possible defenses that may be raised by a defendant who argues that his actions are based on perceived governmental authority.  *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1368 n.18 (11th Cir. 1994) (observing that "[s]everal defenses may apply when a defendant claims he performed the acts for which he was charged in response to a request from an agency of the government").  Specifically, a public authority defense is "an affirmative defense where the defendant seeks exoneration based on the fact that he reasonably relied on the authority of a governmental official to engage him in covert activity."  *United States v. Achter*, 52 F.3d 753, 755 (8th Cir. 1995).  The defense is based on the premise that "actions properly sanctioned by the government are not illegal," and, therefore, the defendant may legitimately rely on a government official's authority to authorize the defendant's conduct.  *United States v. Light*, 64 F.3d 660 (4th Cir. 1995).  Thus, a key distinguishing feature of a public authority defense is that "the defendant *knowingly* committed a criminal act but did so in reasonable reliance upon a grant of authority from a

4

government official to engage in illegal activity." U.S. Dep't of Justice, *U.S. Attorneys' Manual: Criminal Resource Manual* § 2055 (emphasis added).

While it may be the case that Xiong will choose to frame his defense as being one of public authority, two other possible defense theories are relevant and must be considered here. First, a close cousin of the public authority defense is the defense of "entrapment by estoppel." *See United States v. Baker*, 438 F.3d 749, 753 (7th Cir. 2006) (discussing the similarity of the two defenses). This theory "has been held to apply when an official assures a defendant that certain conduct is legal, and the defendant reasonably relies on that advice and continues or initiates the conduct." *Achter*, 52 F.3d at 755. What distinguishes the two is that in a public authority defense, the defendant knows that his action is criminal but acts anyway because a government official has authorized him to commit the crime. In contrast, a defendant raising an entrapment defense contends that a government official *mistakenly* informed him that some action was not a crime, and he reasonably relied on that information. *See id.* ("In short, the defense of entrapment by estoppel involves the 'concept of unintentional entrapment by an official who mistakenly misleads a person into a violation of the law.'") (quoting *United States v. Brebner*, 951 F.2d 1017, 1025 (9th Cir. 1991)); *see also United States v. Stallworth*, 656 F.3d 721, 726-27 (7th Cir. 2011) ("The conceptual difference is that with the public authority defense the defendant engages in conduct that the defendant knows to be otherwise illegal but that has been authorized by the government, whereas with entrapment by estoppel the defendant, relying on the government's statements, believes that his conduct is not prohibited.")

5

Finally, a defendant may assert a defense of "innocent intent." *Baptista-Rodriguez*, 17 F.3d at 1368 n.18. Strictly speaking, this theory is not an affirmative defense at all, but rather a negation of the *mens rea* element of the crime. *Id.* In effect, the defendant testifies that he lacked criminal intent because he thought he was acting in cooperation with the government. *Id.* Thus, the defendant "do[es] not seek to rely upon an excuse for the commission of a crime, rather [he] assert[s] that [he] committed no crime at all." *United States v. Smith*, 831 F.3d 1207, 1220 (9th Cir. 2016); s*ee also Criminal Resource Manual* § 2055 (noting that a defense of innocent intent is "more than an affirmative defense," and relies on a "'mistake of fact' to undermine the government's proof of criminal intent").

As can be seen, the distinctions between these three theories of defense are narrow at best. They matter, however, because they affect the nature of the *prima facie* showing that Xiong must make in order to raise one or more of these defenses. If Xiong is raising a defense of entrapment by estoppel, for instance, he must first make a proffer that presents some evidence[1] of the elements of the defense: (1) that his reliance on the government official's statement supposedly authorizing his actions was reasonable; and (2) that the statement misled him into believing his conduct was legal. *See United States*

---

[1] This Court recently had cause to examine the evidentiary burden imposed on a defendant who is required to make a proffer before raising an affirmative defense at trial. *See United States v. Oz*, No. 13-cr-273 (SRN/FLN), 2017 WL 44941 (D. Minn. Jan. 4, 2017). The standard is not a particularly heavy one—"the Court will accept the proffered facts as true and assess only whether there is a triable issue as to [the defense]." *Id.* at *5. Nonetheless, the defendant must produce sufficient evidence to allow the jury to infer the fact at issue and rule in the defendant's favor as to *each element* of the defense. *See United States v. Capozzi*, 723 F.3d 720, 725 (6th Cir. 2013).

*v. Benning*, 248 F.3d 772, 775 (8th Cir. 2001).  If, however, he intends to assert a defense of public authority, the Government is correct that he must present evidence to show (1) that a government official authorized the defendant to perform an act that would otherwise be a crime; and (2) that the official had the *actual* authority to grant such authorization.[2]  *See Baker*, 438 F.3d at 753.  Finally, if he intends to argue innocent intent, he need not present any *prima facie* evidence, but his testimony must not stray beyond the bounds of that defense.  *Baptista-Rodriguez*, 17 F.3d at 1368 n.18.

### B.   Defendant's Required Proffer

In light of the above, two things are clear: (1) Xiong may present one of a number of different governmental authority defenses; and (2) the Court must have some advance knowledge of what Xiong intends to say in order to prevent the introduction of inadmissible evidence.  *See* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").  In order to properly assess whether Xiong can make a *prima facie* showing of his affirmative defense, therefore, the Court will hold a hearing in advance of trial at 8:00 AM CST, Tuesday, January 17, 2017.  At that hearing, Xiong will be required to (1)

---

[2] The Court notes that a circuit split exists regarding whether the government official must have actual authority, or merely *apparent* authority, to authorize the defendant's actions. *Cf. United States v. Barker*, 546 F.2d 940 (D.C. Cir. 1976) (apparent authority sufficient) *with United States v. Fulcher*, 250 F.3d 244, 253-54 (4th Cir. 2001) (actual authority required); *United States v. Pitt*, 193 F.3d 751, 758 (3d Cir. 1999) (same); *United States v. Collins*, 61 F.3d 1379, 1385 (9th Cir. 1995) (same); *Baptista-Rodriguez*, 17 F.3d at 1368 n.18 (same); *United States v. Duggan*, 743 F.2d 59, 84 (2d Cir. 1984) (same).  The Eighth Circuit has commented on the split, but not yet had cause to choose a side.  *See United States v. Evans*, 972 F.2d 355 (8th Cir. 1992).  In light of the weight of the case law, the Court concludes that the defendant must show that the government official had actual authority to authorize the crime.

inform the Court of which of the above theories of defense he intends to pursue, and (2) present evidence sufficient to satisfy his evidentiary burden as to *each element* of his chosen theory of defense.  Should Xiong choose to present his theory as one of "innocent intent" he need not make a *prima facie* showing—nonetheless, he may not subsequently testify in a manner that treads upon the territory covered by either the public authority or the entrapment estoppel defenses.

## IV.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The Court will hold a pretrial proffer hearing at 8:00 AM CST, Tuesday, January 17, 2017;

2. At that hearing, Defendant must (1) inform the Court of which theory of defense described in this order he intends to pursue (if any), and (2) proffer evidence sufficient to make a *prima facie* showing as to each element of the defense; and

3. The Court **DEFERS** making any specific admissibility rulings on evidence related to Defendant's chosen theory of defense until after the proffer hearing.

Dated: January 12, 2017                                      s/Susan Richard Nelson
                                                             SUSAN RICHARD NELSON
                                                             United States District Judge