UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Seng Xiong,<br><br>　　　　Defendant. | Case No. 16-cr-167 (SRN/HB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Amber M. Brennan, Craig R. Baune, and James S. Alexander, United States Attorney's Office, 300 S. 4th St., Suite 600, Minneapolis, MN 55415, for Plaintiff.

Travis M. Keil, Keil Defense, PO Box, 44295, Eden Prairie, MN 55344, for Defendant.

Herman Franck, Franck & Associates, 910 Florin Road, Suite 212, Sacramento, CA 95831, for Defendant.

Joseph D. Kantor, Guzior Maher Armbrecht, 842 Raymond Ave, Saint Paul, MN 55114, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

　　　This matter is before the Court on Defendant Seng Xiong's Second Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 218]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** Xiong's motion.

1

I.  **BACKGROUND**

   A.  **History of the Case**

The Court is familiar with the facts and history of this case. *See U.S. v. Seng Xiong*, No. 16-cr-167 (SRN/HB), 2020 WL 733407 (D. Minn. Feb. 13, 2020). Accordingly, the Court only briefly recounts the history of this case, as relevant to this motion.

   1.  **Indictment, Trial, Sentencing, and Appeal**

In 2016, Xiong was indicted for wire fraud and mail fraud. (*See* Superseding Indictment [Doc. No. 63].) On January 26, 2017, following an eight-day trial, a jury returned a guilty verdict on both counts. (Verdict [Doc. No. 99].) On October 11, 2017, the Court sentenced him to 87 months' imprisonment on each count, to run concurrently, and imposed a 3-year term of supervised release and restitution totaling $1,226,466. (Am. Sentencing J. [Doc. No.146].)

Xiong timely filed a direct appeal where he argued that the Court erred by (1) disallowing an affirmative defense based on perceived public authority; (2) violating his Fifth Amendment rights by questioning him directly; (3) violating his Sixth Amendment rights by barring him from presenting witnesses and because his trial counsel was ineffective; and (4) imposing a sentence that was procedurally and substantively unreasonable. On February 1, 2019, The Eighth Circuit affirmed his conviction and sentence. *United States v. Xiong*, 914 F.3d 1154, 1162 (8th Cir. 2019).

### 2. Prior § 2255 Motion

On May 7, 2019, Xiong timely filed a motion to vacate under 28 U.S.C. § 2255 [Doc. No. 176]. In his § 2255 motion, he claimed that he had received ineffective assistance of counsel. *U.S. v. Seng Xiong*, 2020 WL 733407, at *5. He raised six bases for his claim:

> (1) trial counsel's purported explicit and implicit concessions of guilt several times throughout trial; (2) trial counsel's failure to raise an entrapment by estoppel defense, submit a Rule 12.3 notice, or file other pretrial motions; (3) trial counsel's failure to properly advise his client on public authority defenses; (4) trial counsel's failure to request appropriate and necessary jury instructions; (5) trial counsel's failure to competently handle witnesses at trial, call available witnesses, properly impeach government witnesses, and elicitation of damaging testimony; and (6) trial counsel's plainly deficient performance and lack of preparation.

*Id.* On February 13, 2020, after considering his arguments, the Court denied his § 2255 motion, and denied both an evidentiary hearing and certificate of appealability. *Id.*

### B. The Instant Motion

On December 28, 2021, Xiong filed the instant motion to vacate under 28 U.S.C. § 2255 (Def.'s Second Mot. to Vacate [Doc. No. 218].) He asserts there was prosecutorial misconduct during the probable cause hearing, and that he received ineffective assistance of counsel during the hearing. (Def.'s Supp. Mem. [Doc. No. 219] at 2.) He also contends that the jury instructions should have included a statement that "there [was] no requirement that defendant have official approval or participation of the USA or UN for his campaign and project to establish a Hmong homeland in Thailand." (*Id.* at 32.) He contends that his trial counsel was ineffective in not asking for this instruction, that the government behaved improperly in not informing him that there was no such law, and that the Court committed

3

plain error in not including this jury instruction. (*Id.*) Finally, he alleges that this second § 2255 relates back to his initial motion, and is therefore timely. (*Id.* at 18–23.)

The Government responded to Xiong's motion, and contends that this motion is an unauthorized second or successive § 2255 motion. (Gov.'s Resp. [Doc. No. 224] at 1.) Accordingly, it seeks dismissal for lack of jurisdiction. (*Id.*)

## II. DISCUSSION

### A. Xiong's Motion is an Unauthorized "Second or Successive" Habeas Petition

The Court must first determine if it has jurisdiction to consider this motion. If a prisoner files more than one habeas petition under § 2255, a district court may not hear the second habeas petition unless it has been "authorized 'by a three-judge panel of the court of appeals.'" *Baranski v. U.S.*, 880 F.3d 951, 955 (8th Cir. 2018) (citing 28 U.S.C. § 2244(b)(3)(B)); *see U.S. v. Rodriguez*, No. 11-cv-205 (1) (JRT/LIB), 2015 WL 2373359, at *2 (D. Minn. May 18, 2015) (denying petitioner's second habeas petition under 28 U.S.C. § 2255). Authorization for a second or successive § 2255 petition is limited to claims that arise under a new rule of constitutional law (that applies retroactively) or newly discovered evidence that demonstrates that the petitioner is actually innocent. 28 U.S.C. § 2255(h).

Xiong filed his first Motion to Vacate Under 28 U.S.C. § 2255 on May 7, 2019, (Def.'s First Mot. to Vacate [Doc. No. 176]), and the Court denied his motion on February 13, 2020. (Order Denying First Mot. to Vacate [Doc. No. 194].) His instant motion, a second motion to vacate under § 2255, is thus procedurally barred because he has not

4

acquired permission from the Eighth Circuit Court of Appeals to file a second habeas petition. *See* 28 U.S.C. § 2255(h). Accordingly, the Court lacks jurisdiction to consider his motion, and must deny his petition.

      **B.**    **Xiong's Motion Was Not Timely Filed**

Even if the Court had jurisdiction to consider Xiong's motion, the motion was not timely filed. "Ordinarily, a § 2255 Petition must be filed within one year of the date when a conviction becomes final." *Donnell v. United States*, 826 F.3d 1014, 1016 (8th Cir. 2016) (citing 28 U.S.C. § 2255(f)(1)). Under this rule, his first § 2255 Petition, filed on May 7, 2019, was timely. However, he filed the instant motion almost three years after his conviction became final, in violation of the statute of limitations in § 2255(f)(1). Xiong contends that his current motion is timely nonetheless because it relates back to his first § 2255 motion, citing Rule 15(c) of the Federal Rules of Civil Procedure. (Def.'s Supp. Mem. at 18-21.)

"Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010); *see also United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006) (applying Rule 15(c)'s relation back doctrine to § 2255 Petitions). "An amended habeas petition," however, "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Indeed, "[an] entire trial is not one

transaction or occurrence for the purposes of Rule 15(c)." *Taylor v. United States*, 792 F.3d 865, 870 (8th Cir. 2015).

Xiong's claims related to the probable cause hearing do not properly relate back to his first petition, in which he only asserted claims related to his trial. These claims relate to an entirely different proceeding than those in his first petition, and are "supported by facts that differ in both time and type from those [in his] original pleading." *Mayle*, 545 U.S. at 650. Nor does his claim of ineffective assistance of counsel for his counsel's failure to propose a particular jury instruction relate back because he raises an entirely new theory of law to support that claim.

Accordingly, because Xiong's claims do not relate back to his first petition, and his motion is untimely under 28 U.S.C. § 2255(f)(1), and must be dismissed.

### C. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that the basis for dismissal is not reasonably debatable. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Accordingly, the Court declines to issue a certificate of appealability.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's Second Motion to Vacate 28 U.S.C. 2255 [Doc. No. 218] is **DENIED**.

2. The Court will not issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 8, 2022

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge