UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Crim. No. 16-167 (SRN) |
| **Plaintiff,** | |
| v. | ORDER |
| **Seng Xiong,** | |
| **Defendant** | |

Joseph H. Thompson, Allen A. Slaughter, Jr., and Craig R. Baune, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff United States of America

Herman Franck, Franck & Associates, 910 Florin Rd., Ste. 212, Sacramento, CA 95831; Joseph D. Kantor, Guzior Maher Armbrecht, 842 Raymond Ave., St. Paul, MN 55114, for Seng Xiong

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court is Defendant Seng Xiong's "Motion to Enforce Restitution Judgment and Request; To Deem So-Called Victims Not Victims; And Return of Non-Restitution Funds to Defendant Seng Xiong" [Doc. No. 236]. Also before the Court is the Government's Motion to Dismiss Defendant's Motion to Enforce and/or Modify the Restitution Judgment [Doc. No. 241]. For the reasons set forth below, Xiong's motion is denied, and the Government's motion is granted.

I.  BACKGROUND

In January 2017, a jury convicted Seng Xiong of mail fraud and wire fraud. *See United States v. Xiong*, 914 F.3d 1154, 1157 (8th Cir. 2019). Xiong had solicited donations

1

for organizations that he founded in order to purportedly establish a homeland for the Hmong people. *Id*. Xiong told his followers that the Hmong homeland project was advancing, and falsely stated that he was working with the White House and United Nations and that the project had been approved by the United States government. *Id*. at 1157–58. At the time of his arrest, Xiong had received approximately $1.7 million from his followers, of which he had spent approximately $169,000 on personal expenditures. *Id*.

Following his conviction, in October 2017, the Court sentenced Xiong to an 87-month term of imprisonment, imposed a three-year term of supervised release, and ordered restitution in the amount of approximately $1.2 million to be disbursed to the victims. (Am. Sentencing J. [Doc. No. 146].)

Xiong timely filed a direct appeal. *Xiong*, 914 F.3d at 1154. The Eighth Circuit Court of Appeals affirmed his conviction in February 2019. *Id*. at 1157.

In May 2019, Xiong timely filed a Motion to Vacate under 28 U.S.C. § 2255, which this Court denied on the merits. *See United States v. Xiong*, No. 16-cr-167, 2020 WL 733407, at *5 (D. Minn. Feb. 13, 2020). The Court also denied an evidentiary hearing and a certificate of appealability. *Id*.

In December 2021, Xiong filed a Second Motion to Vacate under 28 U.S.C. § 2255 ("Second § 2255 Motion") [Doc. No. 218]. The Court found the motion was procedurally barred as an unauthorized successive habeas petition, *see* 28 U.S.C. § 2255(h), and even if the Court had jurisdiction to entertain the motion, it was not timely filed. (Apr. 8, 2022 Order [Doc. No. 234] at 3–6.) The Court also denied a certificate of appealability. (*Id*. at 6.)

Shortly thereafter, Xiong filed the instant motion, in which he argues that restitution is unwarranted. (Def.'s Mot. at 1.) He argues that the victims of his crimes do not believe they are victims and do not want any restitution funds. (*Id*.) Rather, Xiong states, "[T]hey have requested that the funds be returned to Defendant [] to permit him to continue working on his goal to establish a Hmong Homeland in Thailand, or elsewhere where permitted." (*Id*. at 1–2; Affs. of Victims [Doc. No. 238].)

The Government moves to dismiss Xiong's motion, arguing that it is, in essence, another unauthorized successive habeas petition which the Court lacks jurisdiction to consider. (Gov't's Mot. at 1.)

Since the filing of the parties' pending motions, Xiong has been released from prison.

## II. DISCUSSION

"A sentence that imposes an order of restitution is a final judgment." 18 U.S.C. § 3664(o). A district court cannot set aside or alter a final judgment "unless a statute provides otherwise." *United States v. Jumping Eagle*, No. CR 00-50006-01-KES, 2013 WL 587481, at *1 (D.S.D. Feb. 14, 2013) (citing *United States v. Regan*, 503 F.2d 234, 236 (8th Cir. 1974)). Pursuant to statutory authority, an order of restitution can be corrected, modified, amended, or adjusted under very limited circumstances. 18 U.S.C. § 3664(o)(1)–(2).[1] Xiong

---

[1] The statute provides:

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
> (1) such a sentence can subsequently be--

3

brings this motion under 18 U.S.C. § 3663 and 18 U.S.C. § 3771, pointing specifically to language in both statutes defining "victims" and "crime victims," and arguing that the victims here do not satisfy the statutory definitions because they were not harmed. (Def.'s Mem. [Doc. No. 237] at 4–5.)

The Court disagrees. Neither of these statutory provisions provides any authority for the Court to set aside its order of restitution, nor are these provisions listed under § 3664(o) as a mechanism by which a defendant can correct, modify, amend, or adjust an order of restitution. *Cf.* 18 U.S.C. § 3664(o)(1)–(2).

As noted earlier, the Government argues that Xiong's motion constitutes an impermissible attempt to file an unauthorized successive § 2255 motion, and that he is not entitled to any relief under 18 U.S.C. § 3664(k). (Govt's Mot. at 1–2.) The Court agrees, as discussed below.

### A. Section 2255

Under 28 U.S.C. § 2255, a prisoner in federal custody has a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by a court. The law limits a defendant to one § 2255 motion unless he obtains certification for a

---

      (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
      (B) appealed and modified under section 3742;
      (C) amended under subsection (d)(5); or
      (D) adjusted under section 3664(k), 3572, or 3613A; or
   (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

second or successive motion from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(e), (h). A defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other procedure. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."), *cert. denied*, 545 U.S. 1135 (2005). Thus, a motion that purportedly arises under another statute that is, in substance, a successive habeas petition, cannot be used to circumvent the filing restrictions and procedures for § 2255 motions. *Baranski v. United States*, 880 F.3d 951, 956 (8th Cir. 2018) (noting that courts have construed purported Rule 60(b) motions and motions for writs of coram nobis as unauthorized successive habeas petitions and properly denied them) (citations omitted).

Although styled as a motion to modify his restitution obligations, Xiong's motion can be construed, in substance, as an unauthorized successive § 2255 motion. Essentially, Xiong challenges the legality of his sentence and conviction for mail fraud and wire fraud, as shown in his arguments, quoted below:

- As Defendant pointed out in his previous motion to vacate sentence, this is literally a case where there are no victims. The U.S. Attorney is inventing victims where in fact there are none. (Def.'s Mem. at 4.)

- We hope at this juncture, the Trial Court will come to grips with the simple reality that this is a victimless crime. (*Id*. at 6.)

- The United States has never come to grips, in either its opposition to the motion for leave to file a second/successive motion to vacate sentence, or in its opposition to this motion, with the factual reality that there are not victims in this case. (Def.'s Reply [Doc. No. 243] at 5.)

- Instead, the USA has just assumed that all monies obtained by Defendant Xiong were fraudulently obtained, and thus all persons who gave money to him were victims. (*Id*.)

- One of the glaring problems in the prosecution's case is the absence of a victim. In fact, during the trial, one supposed victim testified, but as pointed out in our motion papers on the motion for leave to file second motion to vacate sentence, they called the son of the victim, not the actual so-called victim. The son is actually a law enforcement official who had made up his mind that his dad had been defrauded, and gave testimony to that effect. (*Id*. at 6.)

- The evidence during trial was never that the Defendant was not actually trying to create a Hmong homeland in earnest; it seemed that the prosecutors never figured out [] that what the funds were needed for [was] a large land purchase for the Hmong homeland. (*Id*. at 7.)

- The prosecution's entire case was based on the notion that the Defendant did not have [the] United States' permission to create a Hmong homeland. But the reality is that you don't need, and can't get, permission from the United States to make a giant land purchase in Thailand to create a Hmong homeland in Thailand. (*Id*. at 8.)

- The Court should grant his motion because it tests the general sufficiency of the prosecution's evidence. If there is no victim, there is no crime. (*Id*.)

These arguments go to the legality of Xiong's conviction and sentence, as he continues to argue that he did not devise or intend a scheme to defraud or to obtain money by means of false or fraudulent pretenses—elements of the offenses of conviction. *See* 18 U.S.C. § 1341; 18 U.S.C. § 1343. Xiong attempted to raise these issues, or closely related arguments, in his Second § 2255 Motion, which the Court declined to consider as a successive motion. Again, he has not obtained authorization to file a successive § 2255 motion from the Eighth Circuit. Accordingly, to the extent his grounds for relief arise under § 2255, the Court lacks jurisdiction to consider them.

However, if the Court construes Xiong's motion to solely challenge restitution under § 2255, as opposed to the general legality of his conviction and sentence, relief under § 2255 remains unavailing. Section 2255 "affords relief only to prisoners claiming a right to be released from custody." *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003). Because relief from an order of restitution does not qualify as a "right to be released from custody," § 2255 does not provide a means for relief. *Id*.

### B.  Section 3664(k)

Alternatively, if the Court construes Xiong's motion under 18 U.S.C. § 3664(k) as a motion to adjust restitution, it also fails.

Pursuant to § 3664(k), a defendant may seek to adjust an order of restitution under narrow circumstances:

> [T]he defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k). This provision is inapplicable here because Xiong expressly disavows that any change in his economic circumstances supports his request for relief. (Def.'s Reply at 4–5.) To the contrary, he concedes that "[t]he current motion challenging restitution isn't based on a change in Defendant's financial situation. . . . The motion challenging restitution

is based on the fact that the supposed victims are in fact not victims." (*Id.*)  Nor does Xiong present any evidence concerning a material change in his financial circumstances.

While § 3664(k) concerns a defendant's *ability* to pay, it "does not permit modification based on a change in a defendant's obligation to pay a third party." *United States v. Whitbeck*, 869 F.3d 618, 620 (8th Cir. 2017).  The Eighth Circuit explained in *Whitbeck* that although an order of restitution in a fraud case is based on the victim's losses, "it is an obligation owed to the government." *Id*. (citing *United States v. Boal*, 534 F.3d 965, 967–68 (8th Cir. 2008)). As the Supreme Court has stated,

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion.

*Kelly v. Robinson*, 479 U.S. 36, 52 (1986) (holding that criminal restitution obligations are not dischargeable in Chapter 7 bankruptcy proceedings).  The Supreme Court thus held that "[b]ecause criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation," restitution orders operate "for the benefit of" the State. *Id*. at 53.  Accordingly, courts have held that "[o]nce the court enters a restitution order, the victim cannot waive or excuse the defendant's obligation to pay." *Whitbeck*, 869 F.3d at 620 (refusing to extinguish restitution obligations based on defendant's civil settlement agreement with victim); *Boal*, 534 F.3d at 967–68 (citing *Kelly* and affirming district court ruling that defendant was obligated to pay full restitution amount arising from mail fraud conviction, which could not be waived or excused by victim); *United States v.*

8

*Friedel*, No. CR-08-30120, 2014 WL 2968648, at *2 (D.S.D. July 1, 2014) (holding that § 3664 does not permit a reduction of the total restitution amount based on a desire to compromise between defendant and victim); *see also United States v. Ridgeway*, 489 F.3d 732, 738 (5th Cir. 2007) (relying on *Kelly*, stating, "[T]he Government's penal objectives in imposing and collecting restitution cannot be waived by the victim.").

Accordingly, for all of the foregoing reasons, because Xiong is not entitled to relief, his motion is denied, and the Government's motion is granted.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant Seng Xiong's "Motion to Enforce Restitution Judgment and Request; To Deem So-Called Victims Not Victims; And Return of Non-Restitution Funds to Defendant Seng Xiong" [Doc. No. 236] is **DENIED**.

2. The Government's Motion to Dismiss Defendant's Motion to Enforce and/or Modify the Restitution Judgment [Doc. No. 241] is **GRANTED**.

Dated: March 15, 2023

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

9